FIN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DECKRICE L. MORRISSEY, #178022, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:16-cv-122-MHT |
| | ) | |
| BOBBY BARRETT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Deckrice L. Morrissey ("Morrissey"), an inmate of the Alabama Department of

Corrections, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging

her conviction and sentence in the Circuit Court for Lee County, Alabama, for shooting into an

occupied vehicle. Doc. 1. For the following reasons, the court recommends that the petition be

denied and the case dismissed because Morrissey's § 2254 claims are procedurally defaulted

without excuse and cannot be reviewed.

**I. PROCEDURAL HISTORY**

Morrissey was convicted of discharging a firearm into an occupied vehicle and sentenced

to twenty-five years in prison as a habitual offender. Doc. 9-6 at 2. She appealed, arguing "the

verdict was against the great weight of the evidence." *Id.* at 3. The Alabama Court of Criminal

Appeals affirmed the judgment. *Id.* at 4. Further review was denied, and a certificate of judgment

issued on June 25, 2014. Doc. 9-7.

Morrissey sought post conviction relief under Alabama Rule of Criminal Procedure 32.

Doc. 9-8 at 6-28. The Circuit Court denied Morrissey's Rule 32 petition. *Id.* at 40-42. Morrissey

appealed. Doc. 9-11. The Alabama Court of Criminal Appeals determined that Morrissey waived

or abandoned all of her claims on appeal. *Id.* at 4-6. Because it is relevant to the procedural default

of Morrissey's § 2254 claims, this court quotes at length from the decision of the Court of Criminal

Appeals. It first described Morrissey's original Rule 32 petition claims:

> In her petition, Morrissey alleged:
>
> (1) That her trial counsel was ineffective for calling Natasha Webb to testify on her behalf that Webb had heard the victim state that the victim had "framed" Morrissey for the crime in order to send Morrissey to prison (C. 13), for not presenting evidence from the victim's page on Facebook, a social-networking website, showing the victim holding a gun, and for not calling Brittany Powell to testify "that no gunshots were heard at the time alleged" (C. 21);
>
> (2) That her trial counsel was ineffective for moving to withdraw from representing her without first filing a motion for a new trial "that protect[ed] [Morrissey's] rights" (C. 13) protect[ed] [Morrissey's] rights" (C. 13);
>
> (3) That her trial counsel was ineffective for not objecting to State's witnesses Kenyani Tolbert and Benjamin Canada using their cellular telephones while testifying;
>
> (4) That the prosecutor committed misconduct when the prosecutor informed the trial court that during a recess juror no. 11 approached him and asked what the difference was between shooting into an occupied vehicle and attempted murder and that her trial counsel was ineffective for not objecting to this conduct even though the juror was removed and replaced with an alternate because, she said, "[t]here is no way of knowing what influence this one juror had over the jury" (C. 15);
>
> (5) That she was denied due process because, she said, law enforcement did not conduct a proper investigation; specifically, she argued that she was never questioned by police, her home was never searched, and "she was never tested by forensics for gun powder/residue" (C. 16); and
>
> (6) That newly discovered material facts entitled her to a new trial and that her trial counsel was ineffective for not discovering these facts and presenting them at trial; specifically, she argued that a "Google Map description" establishes that the victim could not have driven from the scene of the shooting to the location where she called and met police in the 7-8 minute time frame the victim provided but that it would have taken longer. (C. 17.)

Morrissey attached to her petition an affidavit from Natasha Webb dated September 12, 2013, the police incident report regarding the shooting, a letter from Brittany Powell dated October 18, 2012, a printout from Google maps, and a printout of a page from the victim's page on Facebook.

Doc. 9-11 at 3-4; *see also* Doc. 9-8 at 14-28. Morrissey's Rule 32 claims are nearly identical to the claims she raises in her § 2254 petition. *Compare* Doc. 9-8 at 14-28 *with* Doc. 1 at 7-22.

The Court of Criminal Appeals then compared Morrissey's initial Rule 32 claims with the only claim listed in her Rule 32 appellate brief. Doc. 9-11 at 4. The only issue listed in the appellate brief was as follows: "Ms. Morrissey's conviction for shooting into an occupied vehicle is due to be rendered and reversed because the jury's verdict is contrary to the great weight of the evidence presented at trial and due to unrefuted facts, and ineffective counseling." Doc. 9-9 at 7, Doc. 9-11 at 4. The Court of Criminal Appeals explained that Morrissey did not raise the weight of the evidence in her Rule 32 petition. Doc. 9-11 at 4. Following Alabama state law, it ruled:

It is well settled that "[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." *Arrington v. State*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997). Because Morrissey did not challenge the weight of the evidence in her petition, that issue is not properly before this Court for review and will not be considered.

Doc. 9-11 at 4-5.

The Court of Criminal Appeals acknowledged that, in the statement of facts in Morrissey's appellate brief, "Morrissey briefly mentions claims (1), (2), and (6), as set out above." Doc. 9-11 at 5. It went on to determine that the argument portion of her brief did not match her Rule 32 claims. Quoting verbatim from Morrissey's argument from her brief, it stated:

However, she makes no argument regarding those claims in the argument section of her initial brief. Rather, the argument section of her initial brief consists only of the following:

"Ms. Morrissey filed a Rule 32 petition with the circuit court of Lee County. Due to Judge J.A. Walker failing to respond to 2 of Morrissey's claims the State has failed to refute the facts alleged by [Morrissey] and those facts

3

must therefore be taken true. *Swicegood v. State*, 646 So. 2d 158 (Ala. Cr. App. 1996); *Boutwell v. State*, 488 So. 2d 33 (Ala. Cr. App. 1986).

"Ms. Morrissey's conviction for shooting into an occupied vehicle is due to be reversed and rendered because the State has failed to refute the facts alleged by [Morrissey].

"*Thompson v. State*, 97 So. 3d 800 (Ala. Crim. App. 2011), this Court explained:

"'The weight of the evidence is clearly a different matter from the sufficiency of the evidence. The sufficiency of the evidence concerns the question of whether, "viewing the evidence in the light most favorable to the prosecution, [a] rational fact finder could have found the defendant guilty beyond a reasonable doubt."'

"Court of Criminal Appeals of Alabama, 1996, 689 So. 2d 999, *Osborn v. State*, September 27, 1996."

(Morrissey's brief, p. 5.)

Doc. 9-11 at 5 (alteration in the state court's version); *see also* Doc. 9-9 at 10-11. It held that

Morrissey waived her claims under Alabama Rule of Appellate Procedure 28(a)(10), which:

requires that an argument contain "the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." "Failure to comply with Rule 28(a)(10) has been deemed a waiver of the issue presented." *C.B.D. v. State*, 90 So. 3d 227, 239 (Ala. Crim. App. 2011). Morrissey's bare reference in the statement-of-facts portion of her initial brief to claims (1), (2), and (6), as set out above, with no accompanying argument whatsoever, does not comply with Rule 28, Ala. R. App. P. Therefore, those claims are deemed waived and will not be considered by this Court.

Doc. 9-11 at 5-6. The Court of Criminal Appeals further held that Morrissey abandoned her

remaining Rule 32 claims under Alabama law:

We also point out that Morrissey does not mention anywhere in her initial brief on appeal claims (3), (4), and (5), as set out above. It is well-settled that this Court "will not review issues not listed and argued in brief." *Brownlee v. State*, 666 So. 2d 91, 93 (Ala. Crim. App. 1995). "'[A]llegations . . . not expressly argued on . . . appeal . . . are deemed by us to be abandoned.'" *Burks v. State*, 600 So. 374, 380 (Ala. Crim. App. 1991) (quoting *United States Burroughs*, 650 F. 2d 595, 598 (5th Cir. 1981)). Because these claims are not even mentioned by Morrissey in her initial

brief on appeal, they are deemed abandoned and also will not be considered by
this Court.

Doc. 9-11 at 6.

Morrissey tried to raise all but one of the Rule 32 claims in her appellate reply brief, but
the Court of Criminal Appeals held that, under Alabama procedural law, the court could not
consider the claims:

> We note that, in her reply brief on appeal, Morrissey does attempt to argue claims
> (1), (3), (4), (5), and (6), as set out above. However, "[i]t is a well-established
> principle of appellate review that we will not consider an issue not raised in an
> appellant's initial brief, but raised only in the reply brief." *Lloyd Noland
> Hosp. v. Durham*, 906 So. 2d 157, 173 (Ala. 2005). "As a general rule, issues raised
> for the first time in a reply brief are not properly subject to appellate
> review." *Ex parte Powell*, 796 So. 2d 434, 436 (Ala. 2001). "[A]n appellant may
> not raise a new issue for the first time in a reply brief." *Woods v. State*, 845 So. 2d
> 843, 846 (Ala. Crim. App. 2002). Because claims (1), (3), (4), (5), and (6), as set
> out above, were not properly raised and argued by Morrissey in her initial brief on
> appeal, they cannot be raised for the first time in Morrissey's reply brief.

Doc. 9-11 at 6.

With no issues properly before the Court of Criminal Appeals for review, it affirmed the
lower court's judgment. Doc. 9-11 at 6-7. Morrissey sought rehearing and further review, which
were denied, and a certificate of judgment issued on January 15, 2016. Docs. 9-16.

## II. HABEAS PETITION AND RESPONDENTS' ARGUMENTS

Morrissey raises the same claims in her § 2254 petition that she raised in her original
Rule 32 petition. *Compare* Doc. 1 at 7-22 *with* Doc. 9-8 at 14-28. This court will therefore refer to
Morrissey's § 2254 claims using the same numbers that the Alabama Court of Criminal Appeals
used. *See* Doc. 9-11 at 3-4 (describing Claim 1 through Claim 6). Respondents deny all of
Morrissey's claims. Doc. 9 at 8-9. They admit that Morrissey exhausted her state remedies, but
they argue this court cannot review her federal claims because she has procedurally defaulted them
pursuant to Alabama procedural rules. Doc. 9 at 9-10, 14-15. Respondents further argue

Morrissey's default cannot be excused because they do not believe Morrissey can show cause and prejudice for the default or a fundamental miscarriage of justice would result if this court does not review her procedurally defaulted claims. *Id.* at 14.

The court entered an order inviting Morrissey to response to the answer, and advising Morrissey of the constraints that 28 U.S.C. § 2254(d) places on federal courts to grant relief, including procedural default of federal claims, as well as the ways to overcome default. Doc. 10. Morrissey responded. Doc. 11. After reviewing the § 2254 petition, Respondents' answer, Morrissey's response, the state court record, and applicable federal law, the court concludes that no evidentiary hearing is required, and the petition is due to be denied in accordance with the provisions of Rule 8(a), Rules Governing Section 2254 Cases in United States District Courts.

### III. EXHAUSTION AND PROCEDURAL DEFAULT

#### A. Exhaustion and Default Principles

The procedural default doctrine is closely related to the exhaustion requirement in § 2254 cases. To preserve a federal claim for habeas review, principles of exhaustion require a petitioner to present the federal claim and facts supporting it to the state's highest court, either on direct appeal or on collateral appeal through postconviction proceedings. *See Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (holding exhaustion principles apply to state postconviction proceedings as well as direct appeal). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Pruitt*, 348 F.3d at 1359. In Alabama, this requires filing an appeal to the Court of Criminal Appeals, an application for rehearing, and a petition for discretionary review with the Alabama Supreme Court. *See Pruitt*,

6

348 F.3d at 1359 (describing Alabama procedures for discretionary review); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."). Doing so gives the state courts the first opportunity to apply controlling law to their case and petitioner's claim. *See Duncan v. Walker*, 533 U.S. 167, 179 (2001) ("The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (further quotation marks and citations omitted)).

Federal habeas review is also unavailable if the state court decision was made on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The court "presume[s] that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Coleman*, 501 U.S. at 735 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). In the rest of the cases, however, the court makes no such presumption. *Coleman*, 501 U.S. at 739.

If the last reasoned opinion "fairly appear[s] to rest primarily upon federal law," then the court presumes the subsequent order relies on federal law. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (citation omitted). Similarly, if the last reasoned order invoked procedural default, then the court "presume[s] that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Id.* (alteration added); *cf. Wilson v. Warden, Georgia Diagnostic Prison*, 834 F.3d 1227, 1235 (11th Cir. 2016) (en banc) (*Ylst* applies in context of procedural default, but "[f]ederal [c]ourts [n]eed [n]ot '[l]ook [t]hrough' a [s]ummary [d]ecision on the [m]erits to

[r]eview the [r]easoning of the [l]ower [s]tate [c]ourt"), *cert. granted sub nom. Wilson v. Sellers*, 137 S. Ct. 1203 (2017); *and see Martinez v. Sec'y, Florida Dep't of Corr.*, 684 F. App'x 915, 921 (11th Cir. 2017) (unpublished) ("Prior to *Wilson*, other panels in this Circuit 'looked through' a summary affirmance and reviewed 'the last reasoned state court decision' to address the issue.").

If a state court plainly holds that a claim is barred under an adequate and independent state court ground, then this federal court may not review the claim even if the state court also rejected the federal claim on the merits in the alternative. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" when the adequate and independent state ground "is a sufficient basis for the state court's judgment"). To rely on a state court's procedural bar of a federal claim, three conditions must be met: (1) the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim, (2) the state court decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law, and (3) the state procedural rule must be firmly established and regularly followed at the time it was applied. *Ward v. Hall*, 592 F.3d 1144, 1156-57 (11th Cir. 2010) (citations omitted); *see also id.* at 1156 n.5 (noting the caveat that, "'Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.'") (quoting *Ylst*, 501 U.S. at 803); *see Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural default is not an "independent and adequate state ground" barring subsequent federal review unless the state rule was "'firmly established and regularly followed'" at the time it was applied). To be adequate, the state rule "must not be applied in an arbitrary or unprecedented fashion. . . . [it] cannot be 'manifestly unfair' in its treatment of the petitioner's federal constitutional claim to be considered adequate for the

purposes of the procedural default doctrine." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (citation omitted).

If a petitioner did not present a claim to the highest state court but would now be unable to present the claim in state court because of a state procedural rule, for example, requirements on time limits for filing, such a petitioner "meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman*, 501 U.S. at 732. But the petitioner has "procedurally defaulted" the federal claim under an adequate and independent state rule, that is, the timely filing requirements. *See id.* at 750. Federal claims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by firmly established and regularly followed state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (where state court remedies are no longer available because petitioner failed to present claim on direct appeal or in state postconviction action, petitioner has procedurally defaulted claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman*, 501 U.S. at 735 n.1 ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas.") (citations omitted); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by firmly established and regularly followed state procedural rules, such claims are procedurally defaulted).

This court may reach the merits of procedurally defaulted claims in two instances:

First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the

default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *[Wainwright v.]* Sykes, 433 U.S. [72], 87 [(1977)]. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002). Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id.*

*Henderson*, 353 F.3d at 892; *see also Coleman*, 501 U.S. at 750.

**B. Procedural Default of Federal Claims**

Morrissey raised her federal claims in her initial Rule 32 petition, but she did not present them properly under Alabama law to the Alabama Court of Criminal Appeals, which therefore refused to review them, as did the Alabama Supreme Court. Respondents concede that Morrissey technically exhausted her federal claims because, under state procedural rules, it would be futile for her to return to state court to obtain review of them. Doc. 9 at 10.[1] State procedural rules regarding timeliness and successive Rule 32 petitions and claims preclude her from returning to state court to obtain that review. Alabama Rule of Criminal Procedure 32.2(a) precludes claims which were raised in previous collateral proceedings. Rule 32.2(b) precludes successive petitions. And Rule 32.2(c) sets a one-year deadline for most Rule 32 claims. *See* Ala. R. Crim. P. 32.2(a), (b), (c). These independent and adequate state procedural grounds are firmly established and regularly followed by Alabama appellate courts. *E.g.*, *Tucker v. State*, 696 So.2d 1170, 1171-73 (Ala. Crim. App. 2006) (Rules 32.2(a)(3) and (a)(5) and 32.2(c)); *Horsley v. State*, 675

---

[1] On page ten of their answer, Respondents list all but one of Morrissey's claims as defaulted, Doc. 9 at 10, but elsewhere in their brief Respondents state Morrissey defaulted "all" of her Rule 32 claims, *id.* at 9, 14-15. The court does not treat Respondents' incomplete statement on one page of the answer as a waiver of a procedural defense regarding any claim.

So. 2d 908, 909 (Ala. Crim. App. 1996) (Rules 32.2(a)(3) and (a)(5), 32.2(b), and 32.2(c)); *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006) (Rule 32.2(c)). Consequently, Morrissey's Rule 32 claims are procedurally defaulted pursuant to adequate and independent state law grounds.

Morrissey responded to Respondents' answer, but her response does not attempt to explain how she meets either the cause and prejudice or fundamental miscarriage of justice exceptions to the procedural default rules. Doc. 11. Instead, Morrissey submits arguments on the question whether her conviction should be reversed and tried again because the verdict is against the great weight of the evidence. Doc. 11 at 7. This court determines there are no grounds to excuse Morrissey's procedural default of her § 2254 claims. Consequently, Morrissey's federal claims cannot be reviewed. *See Henderson*, 353 F.3d at 892 (describing cause and prejudice standards); *see also Coleman*, 501 U.S. at 750.

### C. No Evidentiary Hearing Is Needed

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted). The Court is not required hold an evidentiary hearing on Morrissey's claims because "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.*

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Deckrice L. Morrissey be DENIED and DISMISSED with prejudice.

It is further

ORDERED that on or before February 22, 2018, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 5th day of February, 2018.


/s/Terry F. Moorer
TERRY F. MOORER
 UNITED STATES MAGISTRATE JUDGE